SHIRLEY S. ABRAHAMSON, J.
(<dissenting).
¶ 85. I usually do not persist in a dissent. Ordinarily after dissenting I am guided by the precedent established by a majority opinion. In the instant case, however, I am persuaded that my dissent in State v. Cissell, 127 Wis. 2d 205, 228, 378 N.W.2d 691 (1985), continues to have merit.
¶ 86. I wrote then and repeat now: Although broad prosecutorial discretion is an accepted part of our criminal justice system, the legislature's adoption *35 of criminal statutes identical except for penalty is an unlawful delegation of power to the executive branch of government contrary to the separation of powers doctrine encompassed in the Wisconsin Constitution. There is no rational basis for two criminal statutes that are identical except for their respective penalties, and resting such unbridled discretion in the prosecuting attorney violates our concept of fundamental fairness and equal protection of the laws. Wis. Const, art. I, §§ 1, 8(1).
¶ 87. I agree with the dissection of United States v. Batchelder, 442 U.S. 114 (1979), by Professors Wayne LaFave, Jerold Israel, Nancy King, and Orrin S. Kerr in 4 Criminal Procedure § 13.7(a) at 284-88 (4th ed. 2015). The instant case is the third type of statute discussed by the professors:
In assaying the Batchelder reasoning, it is useful to think about three types of situations in which a defendant's conduct may fall within two statutes. They are: (1) where one statute defines a lesser included offense of the other and they carry different penalties (e.g., whoever carries a concealed weapon is guilty of a misdemeanor; a convicted felon who carries a concealed weapon is guilty of a felony); (2) where the statutes overlap and carry different penalties (e.g., possession of a gun by a convicted felon, illegal alien or dishonorably discharged serviceman is a misdemeanor; possession of a gun by a convicted felon, fugitive from justice, or unlawful user of narcotics is a felony); (3) where the statutes are identical (e.g., possession of a gun by a convicted felon is a misdemeanor; possession of a gun by a convicted felon is a felony). The Court in Batchelder had before it a situation falling into the second category, but [it] seems to have concluded that the three statutory schemes [were] indistinguishable for purposes of constitutional analysis. But in terms of either the difficulties which *36 are confronted at the legislative level in drafting statutes or in the guidance which is given to a prosecutor by the legislation, the three schemes are markedly different.
The first of the three is certainly unobjectionable. Such provisions are quite common (robbery-armed robbery; battery-aggravated battery; joyriding-theft; house breaking-burglary), and usually are a consequence of a deliberate attempt by the legislature to identify one or more aggravating characteristics which in the judgment of the legislature should ordinarily be viewed as making the lesser crime more serious. They afford guidance to the prosecutor, but—as noted in Batchelder—do not foreclose the prosecutor from deciding in a particular case that, notwithstanding the presence of one of the aggravating facts, the defendant will still be prosecuted for the lesser offense.
By contrast, the third of the three is highly objectionable. It is likely to be a consequence of legislative carelessness, and even if it is not such a scheme serves no legitimate purpose. There is nothing at all rational about this kind of statutory scheme, as it provides for different penalties without any effort whatsoever to explain a basis for the difference. It cannot be explained in terms of giving assistance to the prosecutor. "Where statutes are identical except for punishment, the prosecutor finds not the slightest shred of guidance." It confers discretion which is totally unfettered and which is totally unnecessary. And thus the Court in Batchelder is less than convincing in reasoning that this third category is unobjectionable simply because in other instances, falling into the first category, the need for discretionary judgments by the prosecutor has not been and cannot be totally eliminated.
As for the second of the three categories, it clearly presents a harder case. Here as well, the dilemma is likely to have been created by legislative carelessness .... [OJverlapping statutes are very common at *37 both the federal and state level, and it can hardly be said that in every instance they are a consequence of poor research or inept drafting. Drafting a clear criminal statute and still ensuring that in no instance could it cover conduct embraced within any existing criminal statute in that jurisdiction can be a formidable task. (This fact alone may make courts somewhat reluctant to find overlap per se unconstitutional, although the consequence of such a finding, limiting punishment to that under the lesser of the two statutes until such time as the legislature decides what to do about the now-identified overlap, is hardly a cause for alarm.) Moreover, in the overlap scheme the two statutes will at least sometimes assist the prosecutor in deciding how to exercise his charging discretion. (Footnotes omitted.)
The Utah Supreme Court has adopted this position. See State v. Williams, 175 P.3d 1029 (2007).
¶ 88. For the reasons set forth, I dissent.